UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EVANS,<br>Plaintiff,<br>v.<br>THE HOME DEPOT, INC.,<br>Defendant. | Case No. 26-cv-02395-RFL<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Federal courts have an independent obligation to address a potential lack of subject-matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (2004). The Home Depot, Inc. has moved to dismiss on the basis that Scott Evans lacks statutory standing to assert his claims under the California Invasion of Privacy Act. (Dkt. No. 32 at 11.)[1] Those arguments imply that Evans also lacks Article III standing to assert his claims in federal court. Certainly, plausible allegations that tracking pixels are used to create detailed user profiles can support standing in some circumstances. *Gilligan v. Experian Data Corp.*, No. 25-CV-02873-RFL, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026). But, here, although Evans alleges that pixels were used to create user profiles, he does not appear to plausibly allege that those profiles either contain his sensitive information or are so comprehensive in the level of detail about his shopping habits that they became sensitive. *See Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2026 WL 2825524, at *5 (N.D. Cal. Sept. 21, 2026). Accordingly, he does not seem to have Article III standing to assert his claims.

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

As the party invoking federal jurisdiction, Home Depot is **ORDERED TO SHOW CAUSE** in a written statement of no more than five pages by **October 15, 2026** why this case should not be remanded to state court for lack of subject-matter jurisdiction. Evans may file a response to Home Depot's statement, also of no more than five pages, by **October 22, 2026**.

**IT IS SO ORDERED.**

Dated: October 1, 2026

RITA F. LIN
United States District Judge